IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Mark C. Kaltenbock and ) | Bankruptcy No. 12-22857-CMB |
| Anne. E. Kaltenbock, ) | |
| ) | Chapter 7 |
| Debtor ) | |
| ) | Adversary No. 12-02358-CMB |
| ) | |
| Thomas Mance, ) | |
| Administrator of the Estate ) | |
| of James M. Andrews, Deceased, ) | |
| and the Estate ) | |
| of James M. Andrews, Deceased, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Mark C. Kaltenbock and ) | |
| Anne E. Kaltenbock, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

The matter before the Court is the Complaint filed by Thomas Mance, Administrator of the Estate of James M. Andrews, Deceased, and the Estate of James M. Andrews, Deceased ("Plaintiffs"), to determine dischargeability of a debt pursuant to 11 U.S.C. §523(a)(2)(A) and (a)(4). Plaintiffs contend that Debtors obtained a total of $90,009.61 in loans from Decedent,

1

James M. Andrews, with the intention of never repaying Decedent. Accordingly, Plaintiffs seek a finding of nondischargeability pursuant to 11 U.S.C. §523(a) by this Court.[1]

I. **Discussion**

The underlying intent of the Bankruptcy Code is to afford honest but unfortunate debtors "relief 'from the weight of oppressive indebtedness and provide them with a fresh start.'" *Gaussa v. Crawford (In re Crawford),* 476 B.R. 890, 894 (Bankr.W.D.Pa.2012)(*quoting Insurance Co. of N. Am. v. Cohn (In re Cohn),* 54 F.3d 1108, 1113 (3d Cir.1995)). As such, exceptions to discharge are strictly construed against the creditor and liberally in favor of the debtor. *Id.* However, discharge is not guaranteed as the "honest but unfortunate" requirement seeks to ensure that a "deceitful debtor does not benefit from his or her own fraud." *In re Crawford,* 476 B.R. at 894 (*quoting Corso v. Walker (In re Walker)*, 439 B.R. 854, 859 (Bankr.W.D.Pa.2010)(citations omitted)). In actions brought under §523, the creditor bears the burden of proof by the preponderance of the evidence. *In re Crawford,* 476 B.R. at 895 (*citing Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

§523(a)(2)(A)

Keeping in line with this intent, 11 U.S.C. §523(a)(2)(A), denies a discharge of a debt incurred "for money, property, services, or an extension, renewal, or refinancing of credit, to the

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(I), and the Court will enter final judgment. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2593 (2011), that this Court does not have the authority to enter final judgment, then the Memorandum Opinion and Order entered shall constitute the Court's proposed findings of fact and conclusions of law and recommendation to the District Court.

extent obtained by. . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

In the within matter, Plaintiffs aver that Debtors obtained loans totaling $90,009.61 from the Decedent by false pretenses, false representations, and/or fraud under §523(a)(2)(A).[2] This Court has previously discussed the differences in evaluating each type of fraud pursuant to §523(a)(2)(A) in *In re Crawford*, *supra*. Although not set forth in its entirety, this Court incorporates the *Crawford* analysis herein.

A review of *Crawford* reveals that a central component to establishing either false pretenses, false representations, and/or actual fraud under §523(a)(2)(A) is intent. Specific to this matter, allegations of false pretenses or false representations pursuant to §523(a)(2)(A) require Plaintiffs to show that Debtors induced Decedent to make the loans by either "'knowingly and willingly' promot[ing] an omission or implied misrepresentation," or making a misrepresentation "with the intention and purpose of deceiving the [Decedent]." *In re Crawford*, 476 B.R. at 895 (citations omitted). To establish actual fraud, Plaintiff must show that at the time Debtors entered into the loan with Decedent, Debtors had no intention of repaying the debt. *Giansante & Cobb, LLC v. Singh (In re Singh)*, 433 B.R. 139, 163 (Bankr. E.D. Pa. 2010)(*citing In re Harrison*, 301 B.R. 849, 854 (Bankr.N.D.Ohio.2003)); *See also Sherry Justice Sales, LLC v. Hawkins (In re Hawkins),* 463 B.R. 768, 774 (Bankr.W.D.Pa.2012). Without such requirement, "every breach of contract would give rise to a nondischargeability claim under §523(a)(2)(A)." *In re Singh*, 433 B.R. at 163.

---

[2] This Court notes that Plaintiffs failed to specifically identify whether relief was sought under a theory of false pretenses, false representations, actual fraud, or any combination thereof. Accordingly, this Court will analyze each of these categories of fraud as if raised individually.

The Court applies a subjective approach when examining whether a debtor had the requisite fraudulent intent at the time the debt was incurred. *Id.* "Intent to deceive may be established based on the facts and circumstances of an individual case and may be inferred when the facts and circumstances present a picture of deceptive conduct on the part of the Debtor." *In re Hawkins*, 463 B.R. at 773 (*citing In re Bruce*, 262 B.R. 632 (Bankr.W.D.Pa.2001)).

§523(a)(4)

In addition to §523(a)(2)(A), Plaintiffs contend that a determination of nondischargeability should be found pursuant to 11 U.S.C. §523(a)(4). §523(a)(4) excepts from discharge, debts incurred by "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

Under § 523(a)(4), when a creditor alleges either fraud or defalcation, the creditor must also establish that the debtor was acting in a fiduciary capacity. *In re Crawford*, 476 B.R. at 897. Plaintiffs aver that the alleged special relationship between the Debtors and Decedent, in addition to Decedent's alleged diminished capacity, created a fiduciary relationship between the parties. However, in the context of bankruptcy proceedings, "fiduciary" is more narrowly defined than under common law, "as an individual may qualify as a fiduciary under state law but not for purposes of the dischargeability exception." *Rose v. Davis (In re Davis)*, 476 B.R. 191, 195 (Bankr.W.D.2012)(*citing Subich v. Verrone (In re Verrone)*, 277 B.R. 66, 71-72 (Bankr.W.D.Pa.2002)).

In *In re Davis, supra*, this Court examined the requirements for creating a fiduciary relationship for the purposes of nondischargeability pursuant to §523(a)(4). In *Davis*, this Court ultimately concluded that "[t]o be a fiduciary for dischargeability purposes, the debtor must be a

4

trustee under an 'express' or 'technical' trust. Constructive and *ex maleficio* trusts do not qualify. *In re Davis,* 476 B.R. at 195 (*citing In re Verrone*, 277 B.R. at 72).

In order to establish that an express or technical trust existed between Debtors and Decedent, the Plaintiffs must prove by a preponderance of the evidence that there was: "(a) an express intention to create a trust; (b) an ascertainable *res*; (c) a sufficiently certain beneficiary; and (d) a trustee who owns and administers the *res* for the benefit of the beneficiary." *In re Davis,* 476 B.R. at 196 (*citing In re Verrone*, 277 B.R. at 72); See also *Brockway Pressed Metals, Inc. v. Eynon Assocs.* (*In re Brockway Pressed Metals, Inc.*), 363 B.R. 431, 440 (Bankr.W.D.Pa.2007). Accordingly, to satisfy the first prong, Plaintiffs must have shown that the Debtors either expressly signified their intention at the outset of the transaction or must have been clearly put on notice by some document in existence that they were undertaking the special responsibilities of a trustee. *In re Davis*, 476 B.R. at 197(citations omitted).

With respect to the non-fiduciary grounds for relief under §523(a)(4), embezzlement and larceny, this Court has noted that embezzlement is defined as the "fraudulent appropriation of property by a person when such property has been entrusted, or into whose hands it has lawfully come." *In re Crawford*, 476 B.R. at 897 (*quoting Elliott v. Kiesewetter (In re Kiesewetter)*, 391 B.R. 740, 748 (Bankr.W.D.Pa.2008)(citations omitted)). Larceny differs from embezzlement in that larceny requires the initial appropriation of the property to be wrongful. *In re Crawford*, 476 B.R. at 897 (*citing In re Kiesewetter*, 391 B.R. at 748). "Further, larceny requires intent to convert or deprive the owner." *Id.* For the purposes of evaluating a claim of larceny pursuant to §523(a)(4), the federal common law definition of larceny may be used. *In re Kiesewetter*, 391 B.R. at 748. Said definition provides that larceny is a "felonious taking of another's personal property with intent to convert it or deprive the owner of same." *Id.* (*quoting DIRECTV v.*

5

*Deerey (In re Deerey)*, 371 B.R. 525 (Bankr.M.D.Fla.2007); *In re Schlessinger,* 208 Fed.Appx.131, 133 (3d Cir.2006)).

## II. Findings of Fact & Conclusions of Law

Plaintiffs failed to prove by a preponderance of the evidence that Debtors obtained the relevant loans from Decedent, in whole or in part, by actual fraud pursuant to §523(a)(2)(A). Plaintiffs failed to show Debtors had no intention of repaying Decedent at the time the loans were made as is required to establish actual fraud under §523(a)(2)(A). *In re Singh*, 433 B.R. at 163 (*citing In re Harrison*, 301 B.R. at 854); See also *In re Hawkins,* 463 B.R. at 774. Debtor, Anne E. Kaltenbock, credibly testified that, at the time the loans were made, Debtors intended to repay Decedent. Plaintiffs failed to present any credible evidence to refute Ms. Kaltenbock's testimony. Plaintiffs' reliance on the Debtors' failure to volunteer information regarding the loans following Decedent's death, as well as Ms. Kaltenbock's testimony that once Decedent died she did not intend to repay the loaned amounts to Decendent's Estate, a Plaintiff herein, are insufficient to establish the requisite intent as said facts are not indicative of Debtors' intentions as of the time the debt was incurred.

Plaintiffs failed to prove by a preponderance of the evidence that Debtors obtained the relevant loans from Decedent, in whole or in part, by false pretenses and/or false representations pursuant to §523(a)(2)(A). Aside from the Debtors' promise to repay Decedent, Plaintiffs failed to expressly allege any omissions, implied misrepresentations, or misrepresentations made by the Debtors to induce Decedent to make the loans at issue. Accordingly, Plaintiffs' averments rely solely upon whether it was shown that in making the promise to repay, Debtors either "knowingly and willingly promoted an omission or implied misrepresentation," or made a

6

misrepresentation "with the intention and purpose deceiving [Decedent]." *In re Crawford*, 476 B.R. at 895 (citations omitted). As set forth in above, Plaintiffs failed to prove that Debtors did not intend to repay Decedent at the time the debt was incurred. Thus, Plaintiffs cannot show that Debtors possessed the requisite intent to defraud Decedent at the time the loan was made as required by §523(a)(2)(A).

Plaintiffs failed to prove by a preponderance of the evidence that Debtors committed either fraud or defalcation while acting in a fiduciary capacity under §523(a)(4). Plaintiffs failed to present any credible evidence that either Decedent or Debtors intended to create a trust by entering into the loan agreements as is required to establish a fiduciary relationship for nondischargeability purposes pursuant to §523(a)(4). *In re Davis,* 476 B.R. at 196 (*citing In re Verrone*, 277 B.R. at 72); *In re Brockway Pressed Metals, Inc*., 363 B.R. at 440. Specifically, no credible evidence was presented establishing that Debtors expressly signified their intention or were put on notice by a document in existence that entering into a loan with Decedent would confer special responsibilities of a trustee unto Debtors. Thus, the first requisite element of a fiduciary relationship is unsatisfied and further analysis of the remaining elements is unnecessary. Due to Plaintiffs' failure to show that a fiduciary relationship existed, Plaintiffs cannot succeed in their argument and the issue of whether fraud or defalcation occurred is mooted.

Plaintiffs failed to prove by a preponderance of the evidence that the Debtors committed embezzlement pursuant to §523(a)(4). At trial, Plaintiffs advanced little-to-no argument specifically addressing their allegation that Debtors embezzled the sums loaned by Decedent. Specifically, Plaintiffs failed to demonstrate how Debtors' actions satisfied each of the elements of embezzlement and instead generally alleged that embezzlement occurred. As such, the Court

is left to assume that, consistent with Plaintiffs' other arguments, Plaintiffs' claim of embezzlement centers around Debtors' promise to repay Decedent. As discussed above, Plaintiffs have not established that the Debtors acted with fraudulent intent. Therefore, Plaintiffs are unable to show that Debtors committed a "fraudulent appropriation" of Decedent's property as required to establish embezzlement under §523(a)(4). *In re Crawford*, 476 B.R. at 897 (*citing In re Kiesewetter*, 391 B.R. at 748 (citations omitted)).

Plaintiffs failed to prove by a preponderance of the evidence that Debtors committed larceny pursuant to §523(a)(4). As with Plaintiffs' allegation of embezzlement, Plaintiffs made little-to-no attempt to further their charge of larceny at trial; similarly failing to apply any of the elements specific to larceny to Debtors' alleged actions. Accordingly, Plaintiffs failed to produce any credible evidence that Debtors acted with the requisite felonious intent to deprive Decedent of property and/or convert the loan proceeds necessary to prove larceny pursuant to §523(a)(4). Further, this Court finds that the allegation of larceny is wholly inconsistent with the facts of this case. It is undisputed that the transaction at issue is a loan voluntarily entered into by Decedent. Plaintiffs fail to explain how the voluntary transfer of a sum of money to Debtors correlates into a "wrongful appropriation". Likewise, Plaintiffs failed to specify how Debtors either intended to convert or deprive the Decedent use of the loaned money when said money was transferred to Debtors by Decedent with the intention that it be used by Debtors for their personal expenses.

### III. Conclusion

For the foregoing reasons, this Court finds that Plaintiffs have failed to meet their burden pursuant to either 11 U.S.C. §523(a)(2)(A) or (a)(4). As such, Plaintiffs request for a declaration

of nondischargeability is denied. An Order will be issued consistent with the findings of this

Memorandum Opinion.


Dated: June 25, 2013 /s/ Carlota M. Böhm
Carlota M. Böhm
United States Bankruptcy Judge



**CASE ADMINISTRATOR TO MAIL TO:**
Office of the United States Trustee
Jeffrey J. Sikirica, Trustee
Thomas G. Lawlor, Esq.
Lawrence E. Bolind, Jr., Esq.